UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENVIROTECH VEHICLES, INC., | § § § § | |
| *Plaintiff*, | § | |
| v. | § § | CIVIL ACTION NO. _____ |
| KINGBIRD VENTURES LLC and EFRAIM DIVEROLI, | § § § § | |
| *Defendants*. | § | |

## DEFENDANTS KINGBIRD VENTURES LLC AND EFRAIM DIVEROLI'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Kingbird Ventures LLC ("Kingbird") and Efraim Diveroli ("Mr. Diveroli" and, with Kingbird, "Defendants") hereby remove the matter captioned *Envirotech Vehicles, Inc. v. Kingbird Ventures LLC and Efraim Diveroli*, Cause No. 26-BC11B-0007, pending before the Business Court of Texas, Eleventh Division, Harris County, Texas (the "State Court Action") to the United States District Court for the Southern District of Texas, Houston Division. This Court has jurisdiction over the State Court Action based on diversity of citizenship jurisdiction, pursuant to 28 U.S.C. § 1332. As grounds for removal, Defendants state as follows:

### I.    NATURE OF THE ACTION

1.    On February 5, 2026, Plaintiff Envirotech Vehicles, Inc. ("Plaintiff") filed the State Court Action. *See* Ex. C-1 (Pl.'s Verified Original Petition and Request for Temporary Restraining Order and Temporary Injunction ("Petition")). Plaintiff alleges claims for: (1) Tortious Interference with Contract, (2) Tortious Interference with Prospective Economic Advantage, and (3) Defamation and Business Disparagement.

### II.    REMOVAL IS PROPER

2.    Venue is proper in this Court because the United States District Court for the

Southern District of Texas, Houston Division, is the federal judicial district embracing the Eleventh Division of the Texas Business Court where the State Court Action was originally filed. *See* 28 U.S.C. §§ 124(b)(2), 1441(a), 1446(a).

3. This Notice of Removal is timely filed. Thirty days have not elapsed from the date Plaintiff served its Petition on Defendants. *See* 28 U.S.C. § 1446(b)(3).

4. A written notice attaching a copy of this Notice of Removal is being served on all parties of record and filed with the Clerk of the Texas Business Court. *See* 28 U.S.C. § 1446(d).

5. True and correct copies of process, pleadings, and orders filed in the State Court Action, to the extent available, are attached, as required by 28 U.S.C. § 1446(a) and Local Rule 81:

> **(a)** All executed process in the case;
>
> **(b)** Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;
>
> **(c)** All orders signed by the state judge;
>
> **(d)** The docket sheet;
>
> **(e)** An index of matters being filed; and
>
> **(f)** A list of all counsel of record, including addresses, telephone numbers and parties represented.

As of the date of this filing, Defendants are unaware of any copies of executed process in the case or orders signed by the state judge.

### III.   THE COURT HAS DIVERSITY JURISDICTION

6. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions where (1) the amount of controversy exceeds the sum of $75,000, exclusive of interest and costs, and (2) the actions are between citizens of different States.

**A.     The Amount in Controversy Exceeds $75,000.**

7.     In the Petition, Plaintiff alleges that seeks damages in excess of $5 million, the jurisdictional limit of the Texas Business Court. Ex. C-1 (Pl.'s Pet.) ¶ 4. Thus, it is facially apparent from Plaintiff's Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] *See* 28 U.S.C. § 1446(c) ("the sum demanded in good faith in the initial pleading" is "the amount in controversy"); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

8.     Plaintiff's alleged damages are well in excess of the $75,000.00 jurisdictional minimum—assuming, of course, that Plaintiff could establish any entitlement to such recoveries, which he cannot.

**B.     The Action is Between Citizens of Different States.**

9.     Upon information and belief, Plaintiff is now, and was at the time the State Court Action was commenced, a resident and citizen of the State of Texas. *See* Ex. C (Pl.'s Pet.) ¶ 1.

10.    At the time the State Court Action was commenced, Defendants were not citizens of the State of Texas, nor are they currently citizens of the State of Texas.

11.    Kingbird is a Wyoming Limited Liability Company. *See* Ex. C-1 (Pl.'s Pet.) ¶ 2. Therefore, Kingbird's citizenship is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). None of Kingbird's members are citizens of the State of Texas.

12.    Mr. Diveroli is a resident and citizen of the State of Florida. *See* Ex. C-1 (Pl.'s Pet.) ¶ 3.

---

[1] Defendants deny each of Plaintiff's allegations and any alleged liability relating to or arising from the claims set forth in Plaintiff's Petition.

13. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Defendants are not, and were not at the time the State Court Action commenced, citizens of the State of Texas. Complete diversity of citizenship exists in this action under 28 U.S.C. § 1332(a) because Plaintiff is not a citizen of the States in which Defendants are citizens. Furthermore, this action is removable because Defendants are not citizens of the State in which the State Court Action was commenced. *See* 28 U.S.C. § 1441(b).

**C.  Removal Is Proper.**

14. Defendants may remove the State Court Action to this Court in accordance with the provisions of 28 U.S.C. §§ 1332, 1441(a) because: (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas; (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (3) this action is between citizens of different states.

15. This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court under 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship.

16. Defendants are the only defendants. As such, all defendants who have been properly served join in and consent to the removal of the State Court Action to federal court.

17. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

18. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' rights to compel this matter to arbitration and/or assert any defenses including, without limitation, any other procedural or substantive defense available under state or federal law.

## IV.  CONCLUSION

WHEREFORE, Defendants Kingbird Ventures LLC and Efraim Diveroli remove the above-captioned action now pending against it in the Texas Business Court, Houston Division, to this Court and request that further proceedings be conducted in the Houston Division of the United States District Court for the Southern District of Texas as provided by law.

Dated: February 9, 2026                    Respectfully submitted,

                                           **GREENBERG TRAURIG, LLP**

                                           */s/ Paul B. Kerlin*
                                           Paul B. Kerlin
                                           State Bar No. 24044480
                                           kerlinp@gtlaw.com
                                           **Greenberg Traurig, LLP**
                                           1000 Louisiana Street, Suite 6700
                                           Houston, Texas 77002
                                           (713) 374-3590 (main)
                                           (713) 754-7598 (facsimile)

                                           **COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2026, a true copy of this **NOTICE OF REMOVAL** was electronically filed through the Court's CM/ECF system, which will send notices of electronic filing to all counsel of record.

                                           */s/ Paul B. Kerlin*
                                           Paul B. Kerlin